UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RICHARD BIVENS,**

    Plaintiff,

v.

**TARGET CORPORATION,**

    Defendant.

Case No. 20-CV-1548

# PROTECTIVE ORDER

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive financial information and records between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of financial information and records produced in discovery.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c):

1. <u>Definition of Confidential Information</u>. The following shall constitute Confidential Information:

    (a) Social security numbers, employee identification numbers, and any other information personal to individuals;

    (b) Any medical or financial information concerning or related to Plaintiff and any other former or present employee of Defendants;

    (c) Non-public financial information of Defendants or any entity affiliated with Defendants, including, but not limited to, information regarding sales, earnings, profits, income, and/or financial status, and any wage

1

or benefit documentation or information regarding any employee or former employee of Defendants;

(d) Information of Defendants that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(e) Personnel information that Defendants, Plaintiff or the person(s) to whom such information refers may claim, understand, or believe to be private, secret, or personal and entrusted to someone in the course and scope of employment;

(f) Documents and/or information relating to any investigations or studies of any aspect of Defendants' business or operations;

(g) Any testimony specifically revealing Confidential Information as defined in Paragraphs 1(a)-(f) above;

(h) Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(f) above; and

(i) Those portions of briefs, affidavits, and depositions, including exhibits thereto, which contain or restate any Confidential Information.

2. Designation of Confidential Information.

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of CONFIDENTIAL shall appear on all documents or information containing Confidential Information, including portions of depositions, briefs, or correspondence. CONFIDENTIAL designations to deposition transcripts shall be made on the record during such deposition or within thirty days after the party desiring such designation receives the transcript of such deposition. Unless otherwise agreed, depositions shall be treated as confidential during the thirty day period following receipt of the transcript; and

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose

whatsoever except as compelled by court order.

    4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

- (a) The attorneys of record in this action and their associated attorneys, paralegals, and staff members working on the action;

- (b) The parties themselves;

- (c) Any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

- (d) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

- (e) Any person shown on the face of the document to have authored or received it;

- (f) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

- (g) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

- (h) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

- (i) The Court and its staff.

    5. Third parties producing documents in the course of this action may also designate documents as CONFIDENTIAL, subject to the same protections and constraints

3

Case 2:20-cv-01548-NJ    Filed 08/17/21    Page 3 of 8    Document 15

as the parties to the action. The parties shall treat such third-party designated CONFIDENTIAL documents as Confidential Information pursuant to the terms of this Stipulation.

6. If a party receiving documents objects to a Confidential Information designation, within 21 days of receipt, the party objecting to the designation shall give written notice of the objection to the party making the designation. Thereafter, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as Confidential Information in the action may be affected. The party asserting that the material is Confidential Information shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rules of Civil Procedure 26(c). Consistent with Civil L.R. 26(e)(2), the party challenging the designation of confidentiality shall provide with such motion a statement as required by Civil L.R. 37. The party prevailing on a motion regarding the designation of confidentiality is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

7. Except as expressly provided herein, nothing in this Stipulation is intended to limit or have the effect of limiting any party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure or the Federal Rules of Evidence at any time during the pretrial preparation or trial of this case or any time up to and including the entry of judgment. Accordingly, subject to the Rules of Evidence, materials protected by this Stipulation may be offered in evidence at trial subject to such protective measures as may be directed by the Court.

8. If, at the time of trial, counsel for any party includes any document containing

4

Case 2:20-cv-01548-NJ    Filed 08/17/21    Page 4 of 8    Document 15

Confidential Information on that party's Exhibit list, the Exhibit list shall include a notation of "CONFIDENTIAL" as to the document in question to give the opposing party an opportunity to address the use of said information.

9. In cases of surprise or for good cause shown, if, at the time of trial, counsel intends to introduce any Confidential Information not covered by Paragraph 8, counsel shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

10. Neither the provisions of this Stipulation nor any failure by a party to designate any information, document, or material as Confidential Information shall constitute a waiver of the rights of a party to assert confidentiality with respect to the information, document, or material meeting the definition of Confidential Information. Any party who inadvertently fails to identify documents as Confidential Information shall provide written notice of the error within 7 days of discovery of the error and substitute appropriately designated documents. The information, document, or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulation. Any party who received the improperly designated documents shall retrieve such documents from any persons not entitled to receive the documents and shall return or destroy the improperly designated documents.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request. Inadvertently produced documents subject to this paragraph shall not operate to waive any privilege that applied to the

documents before the inadvertent disclosure. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

12.     If a party files a document containing Confidential Information with the Court, the party shall do so in compliance with the Electronic Case Filing Procedures for the Eastern District of Wisconsin. Prior to disclosure at trial or a hearing, the parties may seek further protections against public disclosure from the Court.

13.     Within sixty days of the termination of this litigation, including any appeals, counsel for any party that received Confidential Information from an opposing party shall either return immediately to counsel for the disclosing party all Confidential Information disclosed subject to this Stipulation or submit a written declaration that confidential information the party received or sent to experts has been destroyed. Counsel shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.     The production of information and/or documents pursuant to this Stipulation shall not constitute an admission that the information and/or documents are relevant, discoverable, or admissible at any trial or hearing in this proceeding. The party producing documents and/or information pursuant to this Stipulation does not waive any objections to the admissibility of such documents and/or information at any hearing, trial, arbitration or other proceeding.

15.     Nothing in this Stipulation shall preclude any party from seeking further or different protections from the Court under Federal Rule of Civil Procedure 26(c).

16.     The obligations imposed by the Protective Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of the

Order.

Dated at Milwaukee, Wisconsin this 17th day of August, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

# EXHIBIT A
# WRITTEN ASSURANCE

I hereby acknowledge that I have received a copy of the Stipulation for Protective Order entered in *Bivens v. Target Corp, N.A.*, Civil Action No. 20-CV-1548-NJ. I have read and understand the terms of the Stipulation, and I agree to be bound by all of the terms thereof. I understand that any violation of the Stipulation may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated CONFIDENTIAL obtained pursuant to the Stipulation, or the contents of such documents, to any person other than those specifically authorized by the Stipulation. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulation.

As soon as practical, but no later than thirty days after final termination of this action, I will return to the attorney from whom I have received them, any documents in my possession designated CONFIDENTIAL and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court, Eastern District of Wisconsin, for the purpose of enforcing or otherwise providing relief relating to the Stipulation.

Dated: _____    _____